**BRIAN D. SHAPIRO**
Trustee in Bankruptcy
411 E. Bonneville Ave., Suite 300
Las Vegas, NV 89101
(702) 386-8600 Fax (702) 383-0994
trustee@trusteeshapiro.com

E-filed: July 19, 2010

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Chapter 7<br>Case No. 10-16249-MKN |
| AUDWIN JOHNSON and<br>TANYA JOHNSON,<br><br>Debtor(s). | **TRUSTEE'S MOTION FOR TURNOVER OF NON-EXEMPT FUNDS IN ADDITION TO MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE**<br><br>Hearing Date: August 25, 2010<br>Hearing Time: 11:00 a.m. |

    BRIAN D. SHAPIRO, Chapter 7 Trustee ("Trustee") in the above-styled Bankruptcy Case, hereby requests this Court to order Audwin Johnson and Tanya Johnson ("Debtors") to turnover the funds from a 2009 Federal Income Tax Refund ("tax refund"), which was received after the date of bankruptcy filing and is, therefore, an asset of the Bankruptcy Estate. The Trustee further requests the Court to extend the time for the Chapter 7 Trustee to object to discharge, dischargeability of debts, or to file a motion seeking dismissal pursuant to 11 U.S.C. §727. This Motion is based upon the attached points and authorities, the Declaration in Support and any oral argument that this Court may permit.

    DATED this 19th day of July, 2010.

                                                    */s/ Brian D. Shapiro*
                                                   BRIAN D. SHAPIRO, TRUSTEE

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. Statement of Facts**

1. On <u>April 9, 2010</u> Debtor filed a Chapter 7 Bankruptcy Proceeding. <u>See</u> generally, Declaration of Brian D. Shapiro in Support.

2. Concurrently, Brian D. Shapiro was appointed as the Chapter 7 Trustee. <u>Id.</u>

3. The §341 meeting of creditors originally held on May 19, 2010 has since been continued to August 5, 2010. <u>Id.</u>

4. At the original meeting of creditors on May 19, 2010, Debtors testified under oath that they received their 2009 Federal Income Tax Refund after the date of his bankruptcy filing. <u>Id.</u>

5. Debtors were entitled to a tax refund in the amount of $3,427.00. See Debtor's 2009 Federal Income Tax Return ("tax return") attached to the Declaration of Brian D. Shapiro in support as EXHIBIT 1. <u>Id.</u>

6. Debtor received his tax refund in the amount of $3,427.00 on April 23, 2010. See Debtor's Refund Status Results attached to the Declaration of Brian D. Shapiro in support as EXHIBIT 2. <u>Id.</u>

7. Debtor has claimed $1,092.00 of the tax refund exempt pursuant to N.R.S. §21.090(1)(z). See Debtor's Schedule C attached to the Declaration of Brian D. Shapiro in support as EXHIBIT 3. <u>Id.</u>

8. Debtor has failed to comply with the Trustee's request for turnover the non-exempt funds, totaling $2,335.00. <u>Id.</u>

9. The bar date originally set by the Court to file a complaint objecting to Debtor's discharge is <u>July 19, 2010</u>. <u>Id.</u>

## II. Legal Argument

### 1. Motion for Turnover of Non-Exempt Funds

11 U.S.C. §541 compels an entity, in possession, custody or control of the property of the estate to turn the same over to the Trustee upon demand. Likewise, pursuant to §521(c)(3), the Debtor is required to "surrender to the trustee all property of the estate…"

Moreover, §542(a) further provides that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property *or the value of such property*, unless such property is of inconsequential value or benefit to the estate." (Italics added).

As set forth above, after the date of his Bankruptcy filing Debtor was in receipt of $3,427.00 from a tax refund, which is property of the Bankruptcy Estate and for which he has claimed a $1,092.00 exemption. The Trustee requests the Court to order that funds equal to the value of the tax refund less the exemption, $2,335.00, be turned over to the Trustee.

### 2. Motion to Extend Time to Object to Discharge

Bankruptcy Rule 4004(b) provides that:

> On Motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has elapsed.

Moreover, 11 U.S.C. 105(a) provides that this court may issue any order… that is necessary or appropriate to carry out the provision of this title. The bar date originally set by the Court to file a complaint objecting to Debtor's discharge is July 19, 2010. Therefore, this motion is timely filed.

The Debtor has failed to turnover funds requested by the Trustee as set forth above. Consequently, the time should be extended for the Trustee to object to discharge for an additional sixty (60) days after the date of this hearing (up to and including October 25, 2010).

### III. Conclusion

The Trustee respectfully requests, based upon due process, as well as the above referenced statutory law, that the Court order the Debtor to turnover $2,335.00 to the Trustee. The Trustee further requests that the Court extend the time for the Trustee to oppose the discharge of the Debtor up to and including October 25, 2010.

DATED this 19th day of July, 2010.

_____
BRIAN D. SHAPIRO, TRUSTEE

-4-